UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RAY HAWES,<br>Plaintiff,<br>v.<br>EDWARD S. BERBERIAN, et al.,<br>Defendants. | Case No. 17-cv-05566-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

For the fourth time this year, plaintiff Terry Hawes seeks relief for injuries allegedly caused by his 2009 state convictions for rape and other crimes. In two of the civil rights actions, he attempted to sue the governor (whose connection to Hawes's convictions plaintiff never established) and the trial judge who presided over his criminal trial (who is absolutely immune from civil liability for damages for acts performed in a judicial capacity).[1] The third was dismissed because Hawes failed to pay the filing fee or submit a complete application to proceed *in forma pauperis*.[2] In the fourth and present action, he sues the district attorney and an assistant district attorney for being part of a conspiracy to deprive him of a constitutionally fair trial.

As with the prior two actions, the current 42 U.S.C. § 1983 suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As was made clear in two prior dismissal orders, *Heck* bars section 1983 actions for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. *Id.* at 486-487. When a state prisoner seeks damages in a

---

[1] *Hawes v. Brown*, 17-cv-02400-WHO; and *Hawes v. Brown*, 17-cv-05166-WHO.

[2] *Hawes v. State of California*, 17-cv-01168-WHO.

section 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. The *Heck* bar applies here because a judgment that defendants were part of a conspiracy to violate his right to a fair trial would necessarily imply the invalidity of his convictions and sentence.

The *Heck* bar can be avoided if a plaintiff can prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Hawes has made no showing that *Heck* does not bar his case.

The action is also barred because a state prosecuting attorney enjoys absolute immunity from damages liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Pursuing criminal charges against Hawes are without doubt acts performed in the district attorney's and assistant district attorney's roles as advocates for the state.

Accordingly, this action is DISMISSED with prejudice.

## CONCLUSION

This federal civil rights action is DISMISSED with prejudice. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 26, 2017

WILLIAM H. ORRICK
United States District Judge

2